United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50041
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ALEJANDRO MUNOZ-SANDOVAL, also known as
Alex Munoz, also known as Alejandro Munoz,
also known as Arturo Sandoval,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-409-ALL-EP
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Alejandro Munoz-Sandoval appeals the sentence imposed

following his guilty plea conviction of being found in the United

States after deportation/removal in violation of 8 U.S.C. § 1326.

Munoz contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)

define separate offenses.  He argues that the prior conviction

that resulted in his increased sentence is an element of a

separate offense under 8 U.S.C. § 1326(b) that should have been

alleged in his indictment.  Munoz maintains that he pleaded

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds maximum terms of imprisonment and supervised release which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Munoz acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.